# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON STATE



MYRIAM ZAYAS

                **PLAINTIFF,**

case    2:21-cv-00746 JLR

vs.

Injunctive Relief- 42 U.S. Code § 1983 Deprivation of rights under the color of law- 42 U.S. Code § 1985 Conspiracy against rights- 42 U.S. Code § 1986 Action for neglect to prevent- First Amendment Right to Familial Association- Intimate Association Retaliation Claim- Fourteenth Amendment Equal Protection Clause- Fourth Amendment Illegal Search & Seizure- Interference with Parent Child Relationship - Intentional Infliction of Emotional Distress- Official Misconduct-

LINDA NGUYEN,
TARA SHOEMAKER,
BREN SMITH,

                **DEFENDANTS,**

# I.   JURISDICTION AND VENUE

1. This Court has jurisdiction over federal civil rights claims, under 28 U.S.C. § 1343. This Court has supplemental jurisdiction over state-law claims arising from the same factual circumstances, events, and transactions, under 28 U.S.C. § 1367(a). 42 U.S. Code § 1983. This court has jurisdiction under 28 U.S.C. §1331,§ 1349, and § 1332.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the Defendant's employer King County Government principal place of business is in Kent, Washington. Seattle Western District Court is the proper venue for this case. The Defendants upon further information and belief also reside in King County.

3. The Plaintiff has filed a tort with the states attorney general. Not asking for money damages.

4. No trial needed; job loss required. All discovery included.

## II.   PARTIES

5.  Myriam Zayas an individual (hereinafter "Plaintiff") is a resident of the State of Washington and the County of King. She is the mother of 3 adults 21,19,18, and one adopted 1 year old, and one 6-year-old.

6.  Defendant Tara Shoemaker an individual  (hereinafter "clerk" "state official" "Tara"), at all times relevant hereto was the Plaintiffs court clerk employed by the Maleng Regional Justice Center in Kent, Washington. Upon further information and belief, she resides in King County Washington.  She is sued for injunctive relief in her individual capacity within the  meaning of 42 U.S.C. Section 1983, and at all times relevant hereto acted under color of state law.

7.  Defendant Linda Nguyen an individual  (hereinafter "bailiff" "state official" "judge Messitts bailiff"), at all times relevant hereto is the bailiff for the Plaintiffs former judge Messitt in her current open state dependency case. She is employed by the Maleng Regional Justice Center in Kent, Washington. Upon further information and belief, she resides in King County Washington.  She is sued for injunctive relief in her individual capacity within the  meaning of 42 U.S.C. Section 1983, and at all times relevant hereto acted under color of state law.

8.  Defendant Bren Smith an individual (hereinafter "bailiff" "state official" "judge Ramseyer's bailiff"), at all times relevant hereto is the bailiff for the Plaintiffs  judge in her current open state dependency case. She is employed by the Maleng Regional Justice Center in Kent, Washington. Upon further information and belief, she resides in King County Washington.  She is sued for injunctive relief in her individual capacity within the  meaning of 42 U.S.C. Section 1983, and at all times relevant hereto acted under color of state law.

### III.   INTRODUCTION

The Plaintiff is bringing this claim for injunctive relief, job loss is a must and the crimes committed by the Defendants can not be ignored, Official Misconduct under RCW means the official commits an unauthorized act in their official position. Filing unsigned, unagreed, and forged court orders to the official docket, when they know these orders are invalid, fraudulent, and unlawful can be considered far more than unauthorized acts. Participating in fake hearings that are not recorded at the time of the hearing, pretending, and tricking the public they serve, into thinking they are actually in court. When in fact no hearing exists on the docket at all. Then later creating fake audio, trying to cover their crimes. There are likely tons of forged court orders on the official docket at the Regional Justice Center in Kent, Washington. The Defendants have filed these as true and correct. Especially beginning in March 2020 when the record was inaccessible due to COVID, the Defendants continued holding hearings that were not mission critical, going against emergency order 6[1]. If its just a piece of paper and its no big deal, these officials think what they are doing is not a felony, then how come the Plaintiffs child is still in a foster home? Howcome they are all so scared of their crimes that they think retaliating against a 5-year-old will help? Why aren't all of these people in jail for their crimes? The Defendants thoughts that the Plaintiff is suing for her kid back are expired, the last person the public needs working with real child predators is a corrupt state official. These people do not hand out parking tickets, no they are assigned to protect children, when they are found to be instead abusing children by traumatizing them for no reason, this should be of high public concern. Links connect directly to document mentioned above them. Related case: 20-cv-00747 JCC. Zayas vs. Messitt. This court was made for the Plaintiff and it is her 1st amendment right to hold all state officials accountable for their crimes, and redress her government. If she states facts, and relevant law, no matter how many times she must sue.

---

[1] https://1drv.ms/b/s!AmhsgRs52qWXqUAWeJvhTVTZ8Vx_

## IV.   FACTS

*NOW COMES the Plaintiff,  MYRIAM ZAYAS by and through herself and for her  complaint under Section 1983, for the counts described below, including a procedural and substantive due process violation against the Plaintiff by the Defendant and those they acquiesced, instructed, directed, accepted direction from, trained, retaliated with, plotted and conspired with in committing the unauthorized, unconstitutional, and unlawful acts and omissions described in this complaint, Plaintiff alleges the following facts:*

9.  The Plaintiffs 5-year-old child who is now 7 was removed from the Plaintiffs care for a dirty UA March 16th, 2020, in the removal process 15 state officials committed the crime of forgery, no oath or affirmation was given either, and they violated emergency order #6, the Plaintiff caught them.

10.  Tara Shoemaker and Linda Nguyen violated Emergency Order 6, RCW 43.06.220[2]. By filing court orders that were forged and missing the required signatures during the pandemic. This emergency order was put in place to make sure that state officials did not violate the rights of parents, yet the Defendants all of them ignored this emergency order.

     https://1drv.ms/b/s!AmhsgRs52qWXqUYZQsEHC-y7bGP3?e=wmbdU8

11.  On or about March 16th, 2020, Tara Shoemaker did file the removal order for the Plaintiffs child. This removal order was missing the required "FILED" stamp of the courts on each top page, the order also was missing the required AAG approval signature. The judges signature was not a hash, so there must have been oath or affirmation given another way, yet no proof can be found on the official docket in the case of the Plaintiffs child. (20-7-00666-0 KNT) Top pages should have a FILED stamp from RJC. Page 17 is missing the supervisor and AAG approval signature. Redacted in white to include relevant top pages only:

     https://1drv.ms/b/s!AmhsgRs52qWXqWv68HlFreZdzhKm?e=SEESx4

12.  Tara Shoemaker filed the unsigned and forged SCHO and the Healthcare Authorization form on the 18th of March 2020. This order did not contain any signatures at all except for one, that signature was the forged signature of Ann Danieli. See number 16.

---

[2] State of emergency—Powers of governor pursuant to proclamation. (5) Any person willfully violating any provision of an order issued by the governor under this Section is guilty of a gross misdemeanor

13. On or about August 8th, 2020, Tara Shoemaker together with Linda Nguyen created a document named "Minutes." This was 5 months after the Plaintiffs child was removed:

    https://1drv.ms/b/s!AmhsgRs52qWXqWTjUu2XIaQUGYFB?e=kHe4LE

14. Linda Nguyen filed all of the Plaintiffs emails to the official docket in her attempt to make the Plaintiff look crazy, but if Messitt was not the judge at the hearing then why would it matter what she said to Messitt?

    https://1drv.ms/b/s!AmhsgRs52qWXoDNI_SKZCl4LCswI

    https://1drv.ms/b/s!AmhsgRs52qWXnVXonmi2C1zD9Zsy

15. Tara Shoemaker has a rule that she requires all court officials to follow and does not follow this rule herself in the Plaintiff's case. If she did follow this rule with all court officials then the Plaintiffs child may not have been withheld to date lacking valid warrants, of course another clerk would have filed it anyway, proving a corrupt practice of following custom policy on the part of King County.

    https://1drv.ms/u/s!AmhsgRs52qWXqWUijqCcJYzWi2M_

16. The Defendants, each of them, did not at any point report this crime of forgery to the authorities, nor did they attempt to remove themselves from the equation, likely relying on their immunity to save them from all intentional acts they committed. Under LGR 30[3] the court rules state that parties are not permitted to filing unsigned orders. SCHO[4] Page 10 of 11. By relying on this immunity, the Defendants are said to be abusing their authority and acting under the color of state law. Also, the clerk is allowing them to default to the father with no father named, how can it default if they have no clue who her father is or what he defaults to? They should not be permitted to default to unknown.

    https://1drv.ms/b/s!AmhsgRs52qWXqWwXYozv1oF_VQ3P?e=VSXCWj

17. All dependency orders that are filed on the official docket are normally agreed orders of dependency. Bren Smith continues to file and uphold dependency orders

---

[3] https://kingcounty.gov/courts/clerk/rules/LGR_30.aspx
[4] Shelter Care Hearing Order

in the Plaintiffs case that the Plaintiff has never agreed to and never signed anything they presented.

> ***RCW*** *13.34.110 (3)(a) The parent, guardian, or legal custodian of the child may waive his or her right to a fact-finding hearing by stipulating or agreeing to the entry of an order of dependency establishing that the child is dependent within the meaning of RCW 13.34.030. The parent, guardian, or legal custodian may also stipulate or agree to an order of disposition pursuant to RCW 13.34.130 at the same time.* <mark>*Any stipulated or agreed order of dependency or disposition must be signed by the parent, guardian*</mark>*, or legal custodian and his or her attorney, unless the parent, guardian, or legal custodian has waived his or her right to an attorney in open court, and by the petitioner and the attorney, guardian ad litem, or court-appointed special advocate for the child, if any. If the department is not the petitioner and is required by the order to supervise the placement of the child or provide services to any party, the department must also agree to and sign the order.*

https://1drv.ms/b/s!AmhsgRs52qWXqWIgynFcH3pKXT3Q?e=aHVLMS

The court officials should not be allowed to let the AAG default every order to the unknown father, how do they know what the unknown wants? The Plaintiff is her only parent and trying to go around her to default to anyone is unlawful. This is in their attempt to file and uphold orders that no parent has agreed to.

18. In most recent dependency order from May 2021, the AAG removed the Plaintiffs signature line when she complained about them filing unsigned orders. The Defendants see all of this, they see the forgery, the missing hearings and still agree to assist their boss in continuing their felonies. The Plaintiff never agreed to complete services she already completed last year, never signed any order at all making their continued possession of her child unlawful lacking the Plaintiffs signature after now more than 15 months in a foster home.

https://1drv.ms/b/s!AmhsgRs52qWXqWjmZoOutJrWUR30?e=8Z3ShO

19. Bren Smith is also very aware that the Plaintiff has no attorney and the judge Bren works for refuses to assign her one. The Plaintiff continues to file motions but is doing them incorrectly and Bren always reminds the Plaintiff of the court rules when filing motions yet refuses to follow these rules herself as a bailiff. The Plaintiff has a right to an attorney and this judge will not assign her one, the Plaintiff has contacted the free legal help and they refuse to help. Bren Smith and

her boss are aware of these facts and continue to chastise and ignore the Plaintiff. This is because they both hope the Plaintiff submits to their demands of completing "services." If the Plaintiff does then their friend the judge who committed forgery will likely get away with it by saying the Plaintiff needed their intervention, when in fact their intervention is criminal, its kidnapping, and unwarranted governmental intrusion into the Plaintiffs life.

20. The Defendants, each of them, did commit a number of unauthorized acts in their official position and therefore have committed the crime of Official Misconduct RCW 9A.80.010[5] along with forgery RCW 9A.60.020[6] and many others. Their crimes further the Plaintiffs removal of her child and severed the bond she once had with her 5 now 7-year-old child. This means they have violated the Plaintiffs civil rights and intentionally to try and cover for their employer/boss Judge Messitt.

21. The Plaintiff is reduced to only seeing her child for 4 hours per week and barely that since the social workers who are being sued are actively retaliating and commonly cancel 2 weeks of court ordered visitation each month for reasons that they can never confirm.

22. On or about 06.09.20, Linda Nguyen sent an email to all attorneys on the docket that morning stating that they should not call in yet because they were taking default testimony for the Shelter Care Hearing. From being her own attorney, the Plaintiff knows that attorneys are not normally barred from being present when other parties hearings are happening. Unless of course it's a hearing that requires special attention, upon further information and belief on this day Linda Nguyen and Tara Shoemaker participated in the making of the fake audio, which was

---

[5] Official misconduct.(1) A public servant is guilty of official misconduct if, with intent to obtain a benefit or to deprive another person of a lawful right or privilege:(a) He or she intentionally commits an unauthorized act under color of law; or(b) He or she intentionally refrains from performing a duty imposed upon him or her by law.(2) Official misconduct is a gross misdemeanor.

[6] Forgery.(1) A person is guilty of forgery if, with intent to injure or defraud:(a) He or she falsely makes, completes, or alters a written instrument or;(b) He or she possesses, utters, offers, disposes of, or puts off as true a written instrument which he or she knows to be forged.(2) In a proceeding under this section that is related to an identity theft under RCW 9.35.020, the crime will be considered to have been committed in any locality where the person whose means of identification or financial information was appropriated resides, or in which any part of the offense took place, regardless of whether the defendant was ever actually in that locality.(3) Forgery is a class C felony.

added months later, containing Ann Danieli and not Judge Messitt as the judge for the Plaintiffs SCH. In their effort to cover the crime of forgery committed by Judge Messitt, and the social worker.

https://1drv.ms/b/s!AmhsgRs52qWXqTVGsPGN35BxlSUl

Link to FTR files from fake hearing:

https://1drv.ms/u/s!AmhsgRs52qWXoBrvHRGM2MB4suai?e=6fNbeg

23. The following document shows the similarities between the social workers handwriting and the forged signature of Danieli:

https://1drv.ms/b/s!AmhsgRs52qWXqWZ57Nw2ZC_l8ZBn

24. The Defendants, each of them see the docket in the Plaintiffs case and know that no hearing exists on the docket within 72 hours as required by law:

*WAC 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 (3) Whenever CPS assumes custody of a child from law enforcement, and places the child in out of home care, a court hearing must be held within seventy-two hours from the time the child is taken into protective custody, excluding Saturdays, Sundays and holidays.*

22. Page 5 of 7 in the docket list linked below, shows that Tara Shoemaker added the "Minutes" for the SCH 5 months later in August 2020. This can only mean the SCH never happened within 72 hours.

https://1drv.ms/b/s!AmhsgRs52qWXnV3e6U8FpH1PPfXl

23. The African American social workers in the Plaintiffs case hate the Plaintiff for having black children, and have been harassing her for years lying all the time in every single document they create. This document states the reason for removal which is a lie because the Plaintiff was clean on the 16th of March 2020. They were made aware of this clean drug screen and still took her child.

https://1drv.ms/b/s!AmhsgRs52qWXqT46EAkOJm9QJwjJ

Same story in 2014 all lies:

https://1drv.ms/b/s!AmhsgRs52qWXqWozWZi-iKLStGHV?e=VI4ijb

24. The Defendants, each of them and their felonious boss, the Superior court judges that commit forgery, do not believe the Plaintiff. Even after she shows them documented proof the social workers favor by race.

25. Tara Shoemaker committed these unlawful acts with evil intent. She was deliberately indifferent to the federally protected rights of the Plaintiff and her child.  Tara Shoemaker being a reasonable state official, reasonably should have known that committing the crime of forgery to keep the Plaintiffs child away from her violates her first and fourteenth amendment rights to familial association, her actions have caused, and will continue to cause great emotional distress to the Plaintiff and her child.

26. Linda Nguyen committed these unlawful acts with evil intent. She was deliberately indifferent to the federally protected rights of the Plaintiff and her child.  Linda Nguyen being a reasonable state official, reasonably should have known that committing the crime of forgery to keep the Plaintiffs child away from her violates her first and fourteenth amendment rights to familial association, her actions have caused, and will continue to cause great emotional distress to the Plaintiff and her child.

27. Bren Smith committed these unlawful acts with evil intent. She was deliberately indifferent to the federally protected rights of the Plaintiff and her child.  Bren Smith being a reasonable state official, reasonably should have known that committing the crime of forgery to keep the Plaintiffs child away from her violates her first and fourteenth amendment rights to familial association, her actions have caused, and will continue to cause great emotional distress to the Plaintiff and her child.

28. After the Plaintiff proved the teacher committed perjury during the Plaintiffs trial, Bren Smith continued without making remedial efforts to address the problem. Refused to even acknowledge the obvious felony committed. It is not the Defendants job to stop felonies in progress but it is their job not to actively participate in them and assist in their furtherance. In doing so they have neglected to prevent the Plaintiffs rights from being violated.

# V.   FIRST CLAIM FOR RELIEF- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – 42 U.S.C. § 1983

25. Plaintiff re-alleges and re-pleads all of the allegations in paragraphs 1–24 of this Complaint and incorporate them by reference.

26. The Defendants perform the public functions of serving as court officials, and serving children who are dependents of the courts of the State of Washington.

27. The Defendants perform these public functions using federal, state, and county funds, also from federal grants. The social workers are also employed by the US government.

28. All of the Defendants each of them by committing crimes in order to violate the Plaintiffs rights they lose the immunity granted in them through the state's authority. The Defendants committed a misuse of power, possessed by virtue of state law, and made possible only because the wrongdoer was clothed in the authority of state law. The Defendants knew, or reasonably should have known that their actions would cause emotional distress to the Plaintiff and her children, at all times relevant to this complaint and to the adjoining complaints referred to in this complaint filed by the Plaintiff.

29. The Plaintiff and her child have suffered from emotional distress and will continue to in the foreseeable future. This suffering was a direct and proximate result of the Defendants actions in concert with the state officials each of them, continued and ongoing conspiracy to deprive the Plaintiff and her child of their federally protected rights. The Defendants have themselves committed crimes in conjunction with, and/or assisted the state officials in violating the Plaintiffs first, fourth and fourteenth amendment rights, her right to due process and equal protection under the law.

# VI.   SECOND CLAIM FOR RELIEF-
## FIRST AMENDMENT RIGHT TO FAMILIAL ASSOCIATION[7] INTIMATE ASSOCIATION RETALIATION CLAIM- 42 U.S.C. § 1983

30. Plaintiff re-alleges and re-pleads all of the allegations in paragraphs 1–29 of this Complaint and incorporate them by reference.

31. The Defendants perform the public functions of serving as court officials, and serving children who are dependents of the courts of the State of Washington.

32. The Defendants perform these public functions using federal, state, and county funds, also from federal grants. The social workers are also employed by the US government.

33. Where government action substantially interferes with fundamental rights, such as the right to family relationships, it is subject to strict scrutiny, which means that the government must have a compelling reason for its action and its means to achieve its goal must be as narrowly tailored as possible.[8]

34. The Plaintiff has a cause of action for violation of her constitutional federally protected rights to familial association under the first and fourteenth amendments. The Plaintiff was restrained in her liberty and property interest.

35. The First Amendment prohibits the Defendants from intruding into a familial relationship as retaliation for one family member's exercise of free speech rights. The relationship at issue is very close, it is the one between the Plaintiff and her 5-year-old child. Because of the following actions taken by the Plaintiff the Defendants continue to severe the bond between her and her child in punishment for opening her mouth.

36.  (1) The Plaintiff engaged in protected speech, (2) the Defendant's retaliatory conduct adversely affected that speech and (3) a causal link exists between the conduct and the adverse effect.

---

[7] Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

[8] Behm v. LUZERNE CTY CHILDREN & YOUTH POLICY MAKERS, 172 F. Supp. 2d 575 - Dist. Court, MD Pennsylvania 2001

37. The Plaintiff has a cause of action for violation of her constitutional federally protected rights to intimate association and against retaliation from state actors under the Civil Rights Act, 42 U.S.C. § 1983. The Plaintiff was restrained in her liberty and property interest by the Defendants actions.

## VII.  THIRD CLAIM FOR RELIEF- FOURTH AMENDMENT RIGHTS ILLEGAL SEARCH & SEIZURE[9] 42 U.S.C. § 1983

38. Plaintiff re-alleges and re-pleads all of the allegations in paragraphs 1–37 of this Complaint and incorporate them by reference.

39. The Defendants perform the public functions of serving as court officials, and serving children who are dependents of the courts of the State of Washington.

40. The Defendants perform these public functions using federal, state, and county funds, also from federal grants.

41. The Plaintiff does  not feel secure in her property when high court officials commit felonies to keep her child away from her. The Defendants engaged in a widespread unwritten custom/ policy with Child Protective Services of removing children lacking probable cause, using felony forgery , and during emergency order 6 which required only "mission critical" removals.

42. The Plaintiff has a cause of action for violation of her constitutional federally protected rights to remain free from illegal search & seizure under the fourth Amendment. The Plaintiff was restrained in her liberty and property interest by the Defendants actions.

---

[9] The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

## VIII.   FOURTH CLAIM FOR RELIEF
# FOURTEENTH AMENDMENT EQUAL PROTECTION – 42 U.S.C. § 1983[10]

43. Plaintiff re-alleges and re-pleads all of the allegations in paragraphs 1–42 of this Complaint and incorporate them by reference.

44. The Defendants perform the public functions of serving as court officials, and serving children who are dependents of the courts of the State of Washington.

45. The Defendants perform these public functions receiving federal, state, and county funds, also from federal grants.

46. The Defendants are closely integrated and entwined with the state and county government system that places children with foster and adoptive parents, and that provides placement, care and services to children who are dependents of the juvenile court.

47. The Defendants discriminated against Plaintiff by denying her and her child fair and equal treatment in the actions they performed, as well as assisting the social workers in carrying out their duties. Their actions were deliberate and intentional. The Defendants are granted the authority of state law and they delivered different pains and punishments to the Plaintiff and her child that were unfair and unequal[11].

48. By treating the Plaintiff differently than other parents and also serving different pains and punishments on account of the Plaintiff being a witness, and victim of a crime they committed, Tara Shoemaker and all the Defendants are violating the Plaintiff and her children's fourteenth amendment rights to be treated equally under the law. The Defendants each of them are granted the authority of state law and this provides them immunity.

---

[10] No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

[11] The familial right of association is based on the "concept of liberty in the Fourteenth Amendment." see Kraft v. Jacka, 872 F. The Fourteenth Amendment protects United States citizens against violation of fundamental rights by state actors. Fundamental rights are liberty interests deeply rooted in the nation's history and tradition, and implicit in the concept of ordered liberty and the rule of law.

49. The Defendants are not permitted to discriminating against the Plaintiff for any reason when granted this authority by the state. By assisting the social workers in their discriminatory acts and completely ignoring the evidence and proof provided by the Plaintiff they are just as guilty of discrimination. Because the Plaintiff was a witness to their crime she gets treated differently and her child has to suffer because of what her mother knows.

50. The Plaintiff has a cause of action for violation of her constitutional federally protected rights to equal protection under the Equal Protection Clause, and Civil Rights Act, 42 U.S.C. § 1983. The Plaintiff was restrained in her liberty and property by the Defendants actions, each of them.

## IX.   FIFTH CLAIM FOR RELIEF - TITLE 18, U.S.C., SECTION 242 - DEPRIVATION OF RIGHTS UNDER COLOR OF LAW.[12]

51. Plaintiff re-alleges and re-pleads all of the allegations in paragraphs 1–51 of this Complaint and incorporate them by reference.

52. The Defendants perform the public functions of serving as court officials, and serving children who are dependents of the courts of the State of Washington.

53. The Defendants performs these public functions using federal, state, and county funds, also from federal grants.

54. Section 242 acts under "color of law" include acts not only done by federal, state, or local officials within their lawful authority, but also acts done beyond the bounds of the Defendant's lawful authority if the acts are done while the Defendant is purporting to or pretending to act in the performance of his/her official duties. Persons acting under color of law within the meaning of this statute include police officers, prisons guards and other law enforcement officials, as well as judges, care providers in public health facilities, and others who are acting as public officials. It is not necessary that the crime be motivated

---

[12] This statute makes it a crime for any person acting under color of law, statute, ordinance, regulation, or custom to willfully deprive or cause to be deprived from any person those rights, privileges, or immunities secured or protected by the Constitution and laws of the U.S.

by animus toward the race, color, religion, sex, handicap, familial status, or national origin of the victim.[13]

55. The Defendants under color of any law, statute, ordinance, regulation, or custom, willfully subject the Plaintiff and her child in Washington state,  to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

56. The Plaintiff has a cause of action for violation of her constitutional federally protected rights in the constitution under the Civil Rights Act, 42 U.S.C. § 1983. The Plaintiff and her child were restrained in her liberty and property interest by the Defendants actions. The Defendants acted under the color of state law to deprive the Plaintiff of her federally protected civil rights.

---

[13] https://www.justice.gov/crt/deprivation-rights-under-color-law

# X.   Sixth Claim for Relief
## 18 U.S. Code § 241[14] - Conspiracy against rights[15]

57. Plaintiff re-alleges and re-pleads all of the allegations in paragraphs 1–56 of this Complaint and incorporate them by reference.

58. The Defendants perform the public functions of serving as court officials, and serving children who are dependents of the courts of the State of Washington.

59. The Defendants perform these public functions using federal, state, and county funds, also from federal grants.

60. An agreement was made, there was a jointly accepted plan, the Defendants and social workers knew each other, the conspirator knew the plan's essential nature and general scope. The Defendants knew the exact details of the plan or the identity of all the participants in it. One may become a member of a conspiracy without full knowledge of all the details of the conspiracy.

61. The Defendants worked with Child Protective Services together conspired to injure, oppress, threaten, and intimidate the Plaintiff and her minor child in Washington State, in the free exercise and enjoyment of the Plaintiffs parental rights and privileges secured to her by the Constitution and laws of the United States, and because of the Plaintiff having so exercised the same; the Defendants employees and representatives went in disguise on the highway, and on the premises of the Plaintiff, with the intent to prevent and hinder her free exercise or enjoyment of her and her child's rights or privileges so secured. These actions were completed lacking any form of probable cause.

62. The Plaintiff has a cause of action under title (18) XXXII, §§ 320103(b) 320201(b), title XXXIII, § 330016(1)(H), deprivation of rights under the color of law. In so that the

---

[14] Section 241 of Title 18 is the civil rights conspiracy statute. Section 241 makes it unlawful for two or more persons to agree together to injure, threaten, or intimidate a person in any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the Unites States, (or because of his/her having exercised the same). Unlike most conspiracy statutes, Section 241 does not require that one of the conspirators commit an overt act prior to the conspiracy becoming a crime.

[15] This statute makes it unlawful for two or more persons to conspire to injure, oppress, threaten, or intimidate any person of any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the United States.

Defendants worked with the Child Protection Agency by their actions and omissions

63. The Defendants along with social workers engaged in at least one act in furtherance of the conspiracy.  All of the Defendants did conspire to deprive the Plaintiff of her civil rights,

## XI.    SEVENTH CLAIM FOR RELIEF-
## 42 U.S. CODE § 1986 ACTION FOR NEGLECT TO PREVENT[16]

64. Plaintiff re-alleges and re-pleads all of the allegations in paragraphs 1–63 of this Complaint and incorporate them by reference.

65. The Defendants perform the public functions of serving as court officials, and serving children who are dependents of the courts of the State of Washington.

66. The Defendants perform these public functions using federal, state, and county funds, also from federal grants. The social workers are also paid with federal funds from the government in title funding and adoption bonuses.

67. The Defendants employees, having knowledge that any of the wrongs conspired to be done by Child Protective Services, and mentioned in Section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the Plaintiff for her injuries, and their attorneys fees, for all damages caused by such wrongful act, the wrongful act be an unlawful removal of the Plaintiffs child during emergency order 6 and using forgery, The Defendants and its employees by reasonable diligence could have prevented by not accepting a forged document and filing it as true and correct; damages may be

---

[16] Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in Section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as Defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this Section shall be sustained which is not commenced within one year after the cause of action has accrued.

recovered in an action on the case; and any number of persons guilty of such
wrongful neglect or refusal may be joined as Defendants in the action.

## XII.   INJURIES

68.  The Defendants actions account for repeat constitutional civil rights violations
and  injuries beginning in 2009-2021. The 2020 removal of the Plaintiffs child in and
of itself, caused trauma and permanent damage to the Plaintiff also to her child.
As a direct and proximate result of the Defendant's civil rights violations, under
the Due Process Clause, First, Fourth, Fourteenth Amendments of the US
constitution, made by them at all times relevant to this complaint towards the
Plaintiff and her children, she was injured emotionally, mentally, financially, &
permanently.

69. The Plaintiff has endured and will continue to endure these injuries, which have
caused and will continue to cause: past, present and ongoing costs, taking up
time in her life, the Defendants acted in support of racial discrimination towards
the Plaintiff and the Plaintiff made the Defendants aware of these acts being racial
discrimination, the Defendants ignored the Plaintiff these injuries have also
caused damage to the Plaintiff mentally resulting in confusion, depression,
rejection, mental anguish, severe emotional distress, suicidal ideation, fright,
anxiety, sadness, loss of life due to a loss of time wasted trying for no reason,
severe trauma,  mental health costs, new mental health diagnosis, new medication
management, paranoia, heart problems, high blood pressure, guilt, shame, the
Defendants assisted social workers who have ignored, belittled, blamed, hated,
accused, disrespected, put down, criticized, made fun of, exposed, criminalized,
the Plaintiff at all times relevant to this complaint. This is not the first time her
rights have been violated by a state agency or an agency contracted with the state.

70. The Plaintiff, MYRIAM ZAYAS must continue therapy for stress induced by
these events which were a choice made by the Defendant's, each of them,  that

went above the bounds of their lawful authority, all Defendant's acted with deliberate indifference and malice.

71. The Plaintiff suffered and continues to suffer from physical pain related to depression, post-traumatic stress disorder, hair loss, weight loss, vision loss, community trust lost, lost birthdays, holidays, broken family bonds with relatives. Past, present, and ongoing legal costs, and attorneys' fees. Lost trust from her neighbors and friends. The Defendant's actions have abridged the Plaintiffs 18 years she has to raise her children without being interrupted for reasons that do not include child abuse.

## XIII.   PRAYER FOR RELIEF

 WHEREFORE, Plaintiff MYRIAM ZAYAS does not pray, but does request judgement in her favor:

72. Terminate the Defendants, each of them from their official position. The public is at risk, their children are at risk of being unlawfully separated, and ultimately abused, because of their guilt from felonies committed by them.

## CERTIFICATION AND CLOSING

*Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best.*
*of my knowledge, information, and belief that this complaint: (1) is not being.*
*presented for an improper purpose, such as to harass, cause unnecessary delay,*
*or needlessly increase the cost of litigation; (2) is supported by existing law or by*
*a nonfrivolous argument for extending, modifying, or reversing existing law; (3)*
*the factual contentions have evidentiary support or, if specifically, so identified,*
*will likely have evidentiary support after a reasonable opportunity for further.*
*investigation or discovery; and (4) the complaint otherwise complies with the*
*requirements of Rule 11.*

Respectfully submitted,

Dated:  06.05.2021

*Myriam Zayas*

Name:

Title:   Pro Se Plaintiff

amiya.angel@hotmail.com

**CERTIFICATE OF SERVICE**

I, MYRIAM ZAYAS, do hereby certify that I have this day mailed, U.S. Mail Certified, postage prepaid, a true and correct copy of the above and foregoing to at the following address also send an email to the email listed:

THIS the 6th day of June 2021.

Sign:  *Myriam Zayas*

Type text here

Page **21** of **21**