1
2
3
4
5
6
7
8                                          The Honorable JOHN C. COUGHENOUR

**UNITED STATES DISTRICT COURT**
9                      **WESTERN DISTRICT OF WASHINGTON**
                                  **AT SEATTLE**
10

11   MYRIAM ZAYAS,                          NO.  2:21−cv−00746−JCC

                              Plaintiff,    DEFENDANTS JAMAAL MAGEE
12                                          AND JULIE DECAMP'S MOTION
                                            TO DISMISS
13        v.

14   LINDA NGUYEN ET AL.,                   NOTE FOR MOTION: November 5,
                                            2021
                              Defendants.
15

16        Defendants Jamaal Magee and Julie DeCamp, (collectively, "Defendants"), move the Court

17   for an order dismissing Plaintiff's Amended Complaint (Dkt. # 13) ("Amended Complaint") with

18   prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1) on the grounds that

19   Plaintiff fails to state a claim upon which relief maybe granted against these Defendants; and

20   because the Court also lacks subject matter jurisdiction over the claims.

21        On March 16, 2020, the Department of Children, Youth and Families ("DCYF") removed

22   Plaintiff's minor daughter from her home pursuant to court order. DCYF has since filed a petition

23   to terminate Plaintiff's parental rights, which is scheduled for fact-finding trial in King County

24   Superior Court Juvenile Division on December 20, 2021. Plaintiff's allegations against DCYF

25   social workers Magee and DeCamp in the instant lawsuit are directly related to these ongoing state

26   court proceedings and state court orders. Accordingly, this Court should abstain from hearing

DEFENDANTS JAMAAL MAGEE                    1              ATTORNEY GENERAL OF WASHINGTON
AND JULIE DECAMP'S MOTION                                              Torts Division
TO DISMISS                                                        7141 Cleanwater Drive SW
NO. 2:21−cv−00746−JCC                                                   PO Box 40126
                                                                   Olympia, WA 98504-0126
                                                                      (360) 586-6300

Plaintiff's claims against Magee and DeCamp pursuant to the *Younger* doctrine and *Rooker-Feldman* doctrine. Furthermore, Magee and DeCamp have absolute quasi-prosecutorial and quasi-judicial immunity with respect to their challenged actions. Lastly, Plaintiff raised the same allegations against Magee and DeCamp in prior federal lawsuits, which she later voluntarily dismissed with prejudice. Accordingly, Plaintiff's claims against Magee and DeCamp are barred by the doctrine of res judicata. For all these reasons, the Court should dismiss Plaintiff's Amended Complaint with prejudice pursuant to FRCP 12(b)(6) and 12(b)(1).

## I.    EVIDENCE RELIED UPON

This motion is based on the memorandum of points and authorities in support of the motion and on Plaintiff's Amended Complaint. This motion is also based on the following, which are concurrently filed with this motion:

1. "Defendants' Request for Judicial Notice in Support of Defendants' Motion to Dismiss"

2. "Declaration of Brendan Lenihan in Support Of Defendants' Motion to Dismiss"

Specifically, Magee and DeCamp request that the Court take judicial notice of numerous court filings from Plaintiff's ongoing state court dependency/termination cases in King County Superior Court Juvenile Division. Defendants also request that the Court take judicial notice of various court filings from Plaintiff's other federal civil rights lawsuits, all of which are submitted as exhibits to the declaration.

## II.    BACKGROUND

DCYF is a Washington State agency tasked with addressing child protection and child welfare in Washington. DCYF operations include, among other things, the initiation of state court dependency actions to provide court-ordered foster care placement of minor children, and

DEFENDANTS JAMAAL MAGEE
AND JULIE DECAMP'S MOTION
TO DISMISS
NO. 2:21–cv–00746–JCC

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

court-ordered rehabilitative services to parents alleged to have abused and/or neglected their children. Revised Code of Washington ("RCW") 13.34 governs state dependency matters concerning abused and/or neglected children. Plaintiff is currently litigating a child dependency matter in state court with respect to her minor child (herein referred to by the child's initials: "ACZ"). The factual basis for Plaintiff's allegations in this federal lawsuit are directly related to plaintiff's state court dependency/termination cases.

On February 9, 2020, DCYF received an intake report from the University of Washington ("UW") Medical Center in Seattle stating that Plaintiff had given birth to a baby girl with the initials CZ and had made an adoption plan for the child. Declaration of Brendan Lenihan ("Lenihan Decl."), Exhibit 1, March 16, 2020 Amended Dependency Petition in King County Superior Court Juvenile Division ("Dependency Petition"), p. 3 ¶ 1.6.5. UW Medical Center also reported to DCYF that Plaintiff tested positive for methamphetamines. *Id*. DCYF social worker Kelsey Owens interviewed Plaintiff as part of DCYF's investigation into the UW Medical Center's report of alleged child abuse/neglect as to the Plaintiff. *Id*. at p. 3 ¶ 1.6.6. Three days later, a hospital social worker called Ms. Owens and reported that Plaintiff was receiving care at their hospital and was manic. *Id*. at p. 3 ¶ 1.6.7. The hospital social worker was concerned if Plaintiff refused to undergo a mental health assessment and then returned to caring for ACZ. *Id*.

On March 10, 2020, Ms. Owens received notice that Plaintiff had again tested positive for amphetamines and methamphetamines in a March 5, 2020 urinalysis test. *Id*. at p. 4 ¶ 1.6.10. As a result, on March 16, 2020, Ms. Owens filed a dependency petition, followed by an amended dependency petition, with respect to ACZ, in King County Superior Court Juvenile Division under

DEFENDANTS JAMAAL MAGEE
AND JULIE DECAMP'S MOTION
TO DISMISS
NO. 2:21–cv–00746–JCC

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

cause number 20-7-00666-0 KNT. *Id*.[1] The dependency petition stated, inter alia, that there were no available parents who could safely and appropriately parent ACZ; that Plaintiff had longstanding untreated drug addiction issues; and that Plaintiff had recently tested positive for methamphetamines. *Id*. at p. 7 ¶ 27. The dependency petition also stated that there were no services that DCYF could place into Plaintiff's home to remedy the safety threats to ACZ. *Id*. Ms. Owen's dependency petition stated that DCYF was requesting licensed foster care placement for ACZ until a relative or suitable other could be located and approved by DCYF. *Id*. That same day (March 16, 2020), the King County Superior Court Juvenile Division found reasonable grounds to believe that if ACZ was not taken into protective custody the child's health, safety and welfare would be seriously endangered. Lenihan Decl., Exhibit 2, March 16, 2020 Order to Take Child Into Custody and Place in Shelter Care, p. 1 ¶ 2.2. The King County Superior Court Juvenile Division thus ordered that ACZ be taken into protective custody and placed in an appropriate home or facility. *Id*. at p. 3 ¶ 3.1. ACZ was then removed from Plaintiff's care in response to the Court's order. Lenihan Decl., Exhibit 3, March 17, 2020 Shelter Care Hearing Order, p. 1 ¶ 1.1.

Under Washington state law, the state court sets a contested trial to hear evidence concerning the allegations alleged in a filed dependency petition. RCW 13.34.100. The rules of evidence apply and due process considerations are present in these contested proceedings. *See* Wash. Rev. Code § 13.34.090(1) ("Any party has a right to be represented by an attorney in all proceedings under this chapter, to introduce evidence, to be heard in his or her own behalf, to examine witnesses, to receive a decision based solely on the evidence adduced at the hearing, and

---

[1] Exhibit 1 is a copy of the Amended Dependency Petition, which was filed the same day as the original dependency petition.

DEFENDANTS JAMAAL MAGEE
AND JULIE DECAMP'S MOTION
TO DISMISS
NO. 2:21-cv-00746-JCC

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

to an unbiased fact finder"); Wash. Rev. Code § 13.34.110(1) ("The court shall hold a fact-finding hearing on the petition and, unless the court dismisses the petition, shall make written findings of fact, stating the reasons therefor. The rules of evidence shall apply at the fact-finding hearing and the parent, guardian, or legal custodian of the child shall have all of the rights provided in RCW 13.34.090(1).").

On July 6, 2020, the King County Superior Court, Juvenile Division set an August 24, 2020 pre-trial hearing and Fact Finding/Trial date with regards to the allegations in the dependency petition filed by DCYF as to the Plaintiff's child, ACZ. Lenihan Decl., Exhibit 4, July 6, 2020 Order Continuing Fact-Finding/Trial. On August 24, 2020, the King County Superior Court, Juvenile Division set a trial date for September 21, 2020. Lenihan Decl., Exhibit 5, August 24, 2020 Pretrial Conference Order. At the end of the trial, the King County Superior Court Juvenile Division found that ACZ was dependent in that the child "has no parent, guardian or custodian capable of adequately caring for the child, such that the child is in circumstances which constitute a danger of substantial damage to the child's psychological or physical development." Lenihan Decl., Exhibit 6, October 8, 2020 Order of Dependency as to mother, Myriam Zayas, p. 7 ¶ 2.3.

On May 7, 2021, the Juvenile Court ordered that child ACZ remained dependent and that court supervision would continue. Lenihan Decl., Exhibit 7, Permanency Planning Order, ¶ 3.1. The order outlined, among other things, the visitation rights of Plaintiff and the order authorized ACZ to travel with her foster parents (predicated on DCYF consent). *Id*. at ¶¶ 3.14-3.18. On July 23, 2021, Plaintiff filed her Amended Complaint before this Court. Dkt # 13. Among various other individually named defendants, plaintiff is suing DCYF social workers Jamaal Magee and Julie

DEFENDANTS JAMAAL MAGEE
AND JULIE DECAMP'S MOTION
TO DISMISS
NO. 2:21−cv−00746−JCC

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

1   DeCamp with respect to their involvement in the ongoing child dependency matter of plaintiff's

2   daughter, ACZ.

3       On August 11, 2021, Magee filed a petition on behalf of DCYF seeking to terminate the

4   parent-child relationship between Plaintiff and her child ACZ. Lenihan Decl., Exhibit 8, Petition

5   For Termination of Parent Child Relationship. The petition outlined DCYF's justification for

6   seeking termination of the parent-child relationship and asked for the following relief:

7

8       "Petitioner requests that the child be committed to the care, custody, and control of
        the Department of Children, Youth, and Families, State of Washington, for the
9       purpose of placing the child for adoption, or in the absence of an adoptive
        placement, in a licensed foster home, or taking other suitable measures for the care
10      and welfare of the child pursuant to RCW 13.34.210."

11  *Id.* at ¶ 3.2. The following day, August 12, 2021, the King County Juvenile Court issued a

12  scheduling order with a Fact-Finding Trial to begin on December 20, 2021. Lenihan Decl., Exhibit

13  9, Order Setting Termination of Parental Rights Case Schedule. Plaintiff's claims before this Court

14  directly implicate her ongoing state court dependency case.

15

16      Plaintiff's Amended Complaint (Dkt # 13) brings a 42 USC Section 1983 action against

17  Magee and DeCamp for allegedly violating her constitutional rights. Specifically, Plaintiff

18  alleges Magee and DeCamp 1) canceled court ordered visits; 2) violated her First Amendment

19  right to freedom of speech; and 3) violated her "First Amendment right to "intimate association".

20  Amended Complaint, Dkt # 13 p. 23. Plaintiff alleges the following "facts" to support her claims:

21  Magee is currently canceling and withholding scheduled visits with her daughter (*Id.* p. 23 ¶ 2,

22  4, 5); Magee and DeCamp did not allow her to speak freely during scheduled visits with ACZ

23  (*Id.* p. 24 ¶ 8); Magee retaliated against Plaintiff by arguing with and insulting her and ACZ (*Id.*

24  p. 25 ¶ 11); and Magee and DeCamp are holding Plaintiff's child hostage by complying with the

25

26

DEFENDANTS JAMAAL MAGEE
AND JULIE DECAMP'S MOTION
TO DISMISS
NO. 2:21-cv-00746-JCC

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

dependency court orders, which Plaintiff claims are forged. *Id*. p. 24 ¶ 7. Plaintiff's claims against Magee and DeCamp are directly related to her ongoing child dependency/termination cases, which are culminating in a fact-finding trial in December 2021 to determine whether her parental rights will be terminated. In the instant lawsuit, Plaintiff seeks only injunctive relief and she is not seeking monetary damages from Magee and DeCamp. *Id*. at p. 2 ¶ 3, p. 4 & p. 28. Specifically, Plaintiff demands that Magee and DeCamp lose their jobs. *Id*. The remaining allegations and causes of action in Plaintiff's Amended Complaint are directed at other defendants.

## III.    ARUGMENT AND AUTHORITIES

### A.    Legal Standards

### FRCP 12(b)(6)

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To determine whether a complaint states a claim sufficient to withstand dismissal, the Court considers the complaint and its attached exhibits, documents incorporated into the complaint by reference, and matters properly subject to judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). A complaint may be dismissed for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). The complaint must plead facts "plausibly suggesting" plaintiff's legal claim. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.

DEFENDANTS JAMAAL MAGEE
AND JULIE DECAMP'S MOTION
TO DISMISS
NO. 2:21−cv−00746−JCC

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (*internal citations omitted* ). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965.

**FRCP 12(b)(1)**

Under Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed if the court lacks subject matter jurisdiction. Where, as here, a jurisdictional challenge in based on information found in the complaint, exhibits attached to the complaint, and matters of public record, the court will make its ruling based upon those documents and will accept all allegations in the complaint as true and draw all inferences from the allegations in favor of the plaintiff. *Thornhill Publ'g Co. v. General Tel. Elec.*, 594 F.2d 730, 733 (9th Cir. 1979); *see also Murray v. Dep't of Consumer & Bus. Services*, 2010 WL 3604657, slip op. at 9 n.4 (D. Or. 2010) (applying Rule 12(b)(1) principles to a *Rooker-Feldman* argument).

**B.    The Court Should Abstain from Hearing this Case Under the *Younger* Doctrine**

Plaintiff is suing Magee and DeCamp for their alleged conduct as DCYF social workers related to the ongoing dependency and termination proceedings of her child in state court. The only relief she is seeking from these Defendants is injunctive. The Court should therefore abstain from exercising jurisdiction and hearing this case under the Younger Doctrine.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 431, 102 S. Ct. 2515 (1982). The *Younger* doctrine rests on the notions of federalism and "'comity,' that is, a proper respect for state functions…." *Younger v. Harris*, 401 U.S. 37, 46, 91 S. Ct. 746 (1971). "Absent extraordinary circumstances, *Younger* abstention is required if the state proceedings are (1)

ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *San Remo Hotel v. San Francisco*, 145 F.3d 1095, 1103 (9th Cir.1998) (citing *Hirsh v. Justices of the Supreme Court*, 67 F.3d 708, 712 (9th Cir.1995)).

The *Younger* doctrine is usually raised in a motion to dismiss for failure to state a claim upon which relief can be granted. *Kitchens v. Bowen*, 825 F.2d 1337, 1339 (9th Cir. 1987). The *Younger* doctrine originally applied to state criminal proceedings, but has since been held to be equally applicable to certain other state proceedings that are judicial in nature including state administrative proceedings in which important states' interests are vindicated. *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.,* 477 U.S. 619, 627, 106 S. Ct. 2718 (1986). The U.S. Supreme Court, the Ninth Circuit Court of Appeals and other circuit courts have held that claims related to ongoing juvenile proceedings in state court are properly dismissed in federal court pursuant to the *Younger* doctrine. *See Moore v. Sims*, 442 U.S. 415, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979) (*Younger* abstention appropriate in context of state child removal proceedings due to allegations of child abuse); *Safouane v. Fleck*, 226 Fed. Appx. 753, 758–59 (9th Cir. 2007) ("There does not seem to be a genuine dispute between the parties that at the time this action was filed, proceedings regarding two of the minor children were pending in the state court ... or that the Safouanes had the opportunity to raise their claims in those proceedings. The claims seeking injunctive or declaratory relief related to those proceedings were subject to dismissal pursuant to *Younger* abstention."); *31 Foster Children v. Bush*, 329 F.3d 1255 (11th Cir. 2003) (applying *Younger* abstention based on presumption that requested injunctive relief would interfere with juvenile court proceedings); *Lacy-Curry v. Alameda Cty. Soc. Servs. Agency*, 262 F. App'x 9, 10 (9th Cir. 2007) (affirming dismissal because "[i]nsofar as state proceedings are ongoing, *Younger* abstention requires dismissal of this action. . . . [I]f state court proceedings have concluded, then the *Rooker-Feldman* doctrine precludes our review").

In *Chapman v. Oklahoma*, the plaintiff filed suit in federal court alleging constitutional violations in the State of Oklahoma's family court system, which had formerly adjudicated him

DEFENDANTS JAMAAL MAGEE
AND JULIE DECAMP'S MOTION
TO DISMISS
NO. 2:21–cv–00746–JCC

9

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

to be a noncustodial parent. 472 F.3d 747, 748 (10th Cir. 2006). The plaintiff sought damages, declaratory and injunctive relief against the State and several other parties. *Id*. The District Court dismissed the plaintiff's claims. *Id*. at 748-49. On appeal, the Tenth Circuit Court of Appeals held that the District Court should have abstained from hearing the case under the *Younger* abstention doctrine:

> The three *Younger* conditions are met in this case. First, Mr. Chapman is involved in a state civil proceeding that is ongoing. Second, he has not shown that the state court is not an adequate forum to hear his constitutional challenges to the state family court system. . . Finally, the Supreme Court has long held that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the *United States." Ankenbrandt v. Richards,* 504 U.S. 689, 703, 112 S. Ct. 2206, 119 L. Ed. 2d 468 (1992*)*. We conclude that the district court must abstain under *Younger* from hearing Mr. Chapman's claims.

*Id*. at 749-50.

Here, as in *Chapman*, all three *Younger* conditions are met:

1) Plaintiff is engaged in ongoing civil dependency/termination proceedings in King County Superior Court Juvenile Division. The state court fact-finding trial with respect to the termination of Plaintiff's parental rights over her child ACZ is set to begin on December 20, 2021.

2) Plaintiff has not shown that the state court is an inadequate forum to hear her constitutional challenges to the state child welfare system. As in *Chapman*, here, Plaintiff asks for injunctive relief based on allegations that Defendants violated her constitutional rights in their actions/conduct related to an ongoing state court dependency/termination proceeding. Plaintiff alleges that Magee is currently canceling and withholding scheduled visits with her daughter; Magee and DeCamp did not allow her to speak freely during scheduled visits with ACZ; and Magee retaliated against Plaintiff by arguing with her and putting her and her child down. Plaintiff has not shown that state court is an inadequate forum to hear and redress her constitutional challenges to these alleged grievances.

DEFENDANTS JAMAAL MAGEE
AND JULIE DECAMP'S MOTION
TO DISMISS
NO. 2:21-cv-00746-JCC

10

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

1    3) Plaintiff's involvement in the ongoing state court proceedings implicates important

2    state interests and falls squarely within the family relations that are traditionally an area of state

3    concern. Furthermore, federal interference in state judicial actions can result in duplicative

4    proceedings and may reflect negatively on the capability of the state court to enforce

5    constitutional principles. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604, 95 S. Ct. 1200, 1208, 43

6    L. Ed. 2d 482 (1975). The ongoing state court proceedings are integral to Plaintiff's federal

7    claims for injunctive relief before this Court. To allow Plaintiff to pursue injunctive relief in this

8    Court for alleged misconduct that is inextricably intertwined with an ongoing state court

9    proceeding could also result in duplicative proceedings and potentially contradictory rulings.

10    For all the above reasons, Defendants respectfully request that this Court abstain from

11    hearing Plaintiff's claims against Magee and DeCamp pursuant to the *Younger* doctrine.

12    **C.    The Court Also Lacks Subject Matter Jurisdiction Over Plaintiff's Claims**
       **Pursuant to the *Rooker-Feldman* Doctrine**

13

14    Under the *Rooker-Feldman* Doctrine, a federal district court lacks the subject matter

15    jurisdiction to hear an appeal from a state court judgment. *Doe v. Mann*, 415 F.3d 1038, 1041–

16    42 (9th Cir. 2005). "Typically, the Rooker–Feldman doctrine bars federal courts from exercising

17    subject-matter jurisdiction over a proceeding in 'which a party losing in state court' seeks 'what

18    in substance would be appellate review of the state judgment in a United States district court,

19    based on the losing party's claim that the state judgment itself violates the loser's federal rights.'"

20    *Id*. (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06, 114 S. Ct. 2647, 129 L. Ed. 2d 775

21    (1994)); *see also Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003) (federal district court must

22    refuse to hear "a forbidden de facto appeal from a judicial decision of a state court").

23

24    All of Lacy–Curry's instant claims relate to a series of state court child
        dependency proceedings, some of which have concluded and some are still
25        pending. . . .[I]f state court proceedings have concluded, then the Rooker–
        Feldman doctrine precludes our review because Lacy–Curry is clearly a "state-

26

DEFENDANTS JAMAAL MAGEE
AND JULIE DECAMP'S MOTION
TO DISMISS
NO. 2:21–cv–00746–JCC

11

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

court loser[ ] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced," and she is "inviting district court review and rejection of those judgments."

*Lacy-Curry v. Alameda Cty. Soc. Servs. Agency*, 262 F. App'x 9, 10 (9th Cir. 2007) (unpublished opinion) (quoting *Exxon–Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005)).

At the end of the state court dependency trial of Plaintiff's child (ACZ), the King County Superior Court Juvenile Division found that ACZ was dependent in that the child "has no parent, guardian or custodian capable of adequately caring for the child, such that the child is in circumstances which constitute a danger of substantial damage to the child's psychological or physical development." Lenihan Decl., Exhibit 6, October 8, 2020 Order of Dependency as to mother, Myriam Zayas, p. 7 ¶ 2.3. Plaintiff did not prevail in that state court dependency trial and the court found her child to be dependent and without any parent, custodian or guardian capable of caring for her. Plaintiff now accuses Magee and DeCamp of holding her child hostage by following the orders of dependency court, which Plaintiff claims are forged. Amended Complaint, Dkt # 13 p. 24 ¶ 7. In other words, Plaintiff is attempting to invite district court review and rejection of that state court order. Plaintiff's allegations of injuries flowing directly from the state court's order of dependency is a forbidden de facto appeal from a state court judgment. This Court should abstain from addressing what in substance would be appellate review of the state court judgment pursuant to the *Rooker-Feldman* Doctrine.[2]

---

[2] It should also be noted that on August 19, 2021, this Court dismissed Plaintiff Myriam Zayas' claims in a separate lawsuit filed by Plaintiff against several other defendants. Lenihan Decl., Ex. 15, Order of Dismissal, 2:20-cv-00747-JCC, Dkt # 64, 9:18-10:6. Among other holdings, the Court held that under the *Rooker-Feldman* doctrine the issues raised by Plaintiff were inextricably intertwined with the state court's dependency orders related to her child ACZ. *Id.*

DEFENDANTS JAMAAL MAGEE
AND JULIE DECAMP'S MOTION
TO DISMISS
NO. 2:21–cv–00746–JCC

12

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

**D.**    **Plaintiff's Claims Against Magee and DeCamp Are Also Barred By The Doctrine Of Absolute Quasi-Prosecutorial And Quasi-Judicial Immunity**

Magee and DeCamp are protected by absolute immunity for their alleged actions related to complying with state court dependency orders. Consequently, Plaintiff's allegations that they held her child hostage by following the orders of the dependency court (Amended Complaint, Dkt # 13 p. 24 ¶ 7) fail as a matter of law.

RCW 26.44.056(3) provides that "[a] child protective services employee ... shall not be held liable in any civil action for the decision for taking the child into custody, if done in good faith under this section." Furthermore, prosecutorial immunity allows prosecutors to perform their duties without fear or threat of section 1983 litigation. *Meyers v. Contra Costa Cty. Dep't of Soc. Servs.*, 812 F.2d 1154, 1156 (9th Cir. 1987). Prosecutorial immunity is absolute, not qualified. *Id*. When social workers perform functions related to the initiation and pursuit of child dependency proceedings, they are similarly protected by absolute quasi-prosecutorial immunity:

> Although child services workers do not initiate criminal proceedings, their responsibility for bringing dependency proceedings, and their responsibility to exercise independent judgment in determining when to bring such proceedings, is not very different from the responsibility of a criminal prosecutor. The social worker must make a quick decision based on perhaps incomplete information as to whether to commence investigations and initiate proceedings against parents who may have abused their children. The social worker's independence, like that of a prosecutor, would be compromised were the social worker constantly in fear that a mistake could result in a time-consuming and financially devastating civil suit. We therefore hold that social workers are entitled to absolute immunity in performing quasi-prosecutorial functions connected with the initiation and pursuit of child dependency proceedings.

*Id*.

---

As in that case, here, Plaintiff is again challenging the actions of defendants that are inextricably intertwined with state court dependency rulings and ongoing proceedings.

DEFENDANTS JAMAAL MAGEE
AND JULIE DECAMP'S MOTION
TO DISMISS
NO. 2:21–cv–00746–JCC

13

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

The Ninth Circuit has defined "quasi-prosecutorial functions" as " 'those instances where a social worker contributes as an advocate to an informed judgment by an impartial decisionmaker.' " *Caldwell v. LeFaver*, 928 F.2d 331, 333 (9th Cir.1991) (quoting *Meyers*, 812 F.2d at 1157). In the context of child welfare proceedings, quasi-prosecutorial functions include a social worker's role in the initiation of dependency proceedings, the seeking and obtaining of a court order for the seizure and placement of a child, and a social worker's testimony in dependency proceedings. *Coverdell v. Dep't of Soc. & Health Servs., State of Wash.*, 834 F.2d 758, 764–65 (9th Cir. 1987); *Meyers*, 812 F.2d at 1156. Social workers are also protected by absolute quasi-judicial immunity for executing a court order, such as the order to remove a child from the home. *Coverdell*, 834 F.2d at 764-65.

To the extent Plaintiff is attempting to misconstrue Magee and DeCamp's actions to seek, obtain, or comply with state court orders as child hostage-taking, those claims fail as a matter of law because Magee and DeCamp have both quasi-prosecutorial and quasi-judicial immunity with respect to their challenged conduct.

### E.    Plaintiffs' Claims against Jamaal Magee are also Barred by the Doctrine of Res Judicata

Plaintiff asserted the same allegations against Magee in a prior lawsuit that she alleges in the instant case. Her voluntary dismissal of those prior claims with prejudice bars her from reasserting the same claims now.

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir.1997). The doctrine is applicable whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id.; see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). "The central criterion in determining whether there is an identity of claims between the

DEFENDANTS JAMAAL MAGEE
AND JULIE DECAMP'S MOTION
TO DISMISS
NO. 2:21–cv–00746–JCC

14

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.' " *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir.2000) (citation omitted).

A voluntary dismissal with prejudice is considered a final judgment on the merits for the purposes of res judicata. *See Intermedics, Inc. v. Ventritex, Inc.*, 775 F. Supp. 1258, 1262-63 (N.D. Cal. 1991) (citing *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1438-39 (9th Cir. 1985)); *see also Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) (suggesting dismissal "with prejudice" indicates a dismissal on the merits). By obtaining a voluntary dismissal with prejudice, "the plaintiff submits to a judgment that serves to bar his claims forever." *See Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995).

This is the second time that Plaintiff has sued Jamaal Magee and Julie DeCamp in federal court with respect to their involvement in the dependency case of her child ACZ. Plaintiff even references her former lawsuits against Magee and DeCamp in her Amended Complaint in the instant lawsuit. *See* Amended Complaint, Dkt # 13, p. 22. Plaintiff alleged in her former civil rights lawsuit against Jamaal Magee that he had retaliated against her and violated her constitutional rights by suspending her visitation with her daughter ACZ. Lenihan Decl., Ex. 10, Plaintiff's July 17, 2020 Complaint for Violation of Civil Rights, p. 4 ¶ 2. Plaintiff later voluntarily stipulated to dismissal of her claims against Magee with prejudice. Lenihan Decl., Ex. 11, Order of Dismissal with Prejudice, dated October 6, 2020; Ex. 12, Judgment in a Civil Case, dated October 6, 2020. In the instant lawsuit, Plaintiff is again suing Magee and alleging violations of her constitutional rights under 42 U.S.C. Section 1983 for canceling and withholding scheduled visits with her daughter. *Id*. p. 23 ¶¶ 2, 4, 5. Plaintiff's claims against Magee should be barred because they arise out of the same transactional nucleus of facts as her prior claims and Plaintiff

DEFENDANTS JAMAAL MAGEE
AND JULIE DECAMP'S MOTION
TO DISMISS
NO. 2:21–cv–00746-JCC

15

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

is again alleging violations of her constitutional rights based on those same operative facts. Moreover, there was a final judgment on the merits with respect to her prior claims because she voluntarily dismissed her claims with prejudice. Lastly, there is privity between the parties as Plaintiff is once again suing Magee in his "individual capacity." For these reasons, the doctrine of res judicata operates to bar Plaintiff from re-litigating the very same claim that she raised against Magee previously.

### F.    Plaintiffs' Claims against Julie DeCamp are Barred by the Doctrine of Res Judicata

Plaintiff's solitary factual allegation against DeCamp is that DeCamp did not allow her to speak freely during scheduled visits with ACZ. Amended Complaint, Dkt # 13, p. 24 ¶ 8. In a separate federal lawsuit brought by Plaintiff on June 10, 2020, Plaintiff asserted the same allegation that DeCamp did not let Plaintiff speak with her daughter ACZ during the dependency proceedings. Lenihan Decl., Ex. 13, Plaintiff's June 10, 2020 Complaint for Violation of Civil Rights, p. 9-10 ¶ 13-14. Plaintiff later stipulated to dismissal of her claims against DeCamp with prejudice. Lenihan Decl., Ex. 14, Order of Dismissal, dated October 8, 2020.

Plaintiff's solitary claim against DeCamp should be barred because it arises out of the same transactional nucleus of facts as her prior claims. Moreover, there was a final judgment on the merits with respect to her prior claims because she voluntarily dismissed her claims with prejudice.  Lastly, there is privity between the parties as Plaintiff is once again suing DeCamp in her "individual capacity." For these reasons, the doctrine of res judicata operates to bar Plaintiff from re-litigating the very same claim that she raised against DeCamp previously.

DEFENDANTS JAMAAL MAGEE
AND JULIE DECAMP'S MOTION
TO DISMISS
NO. 2:21−cv−00746−JCC

16

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

## IV.    CONCLUSION

For the foregoing reasons, this Court should abstain from hearing Plaintiff's claims against Magee and DeCamp pursuant to the *Younger* and *Rooker-Feldman* doctrines. Furthermore, Magee and DeCamp have absolute quasi-prosecutorial and quasi-judicial immunity with respect to their challenged actions. Finally, Plaintiff's claims against Magee and DeCamp are also barred by the doctrine of res judicata. For all these reasons, the Court should dismiss Plaintiff's Amended Complaint (Dkt # 13) with prejudice pursuant to FRCP 12(b)(6) and 12(b)(1).

DATED this 14th day of October, 2021.

ROBERT W. FERGUSON
Attorney General

/s/ *Brendan M. Lenihan*
BRENDAN M. LENIHAN, WSB No. 56066
Assistant Attorney General
Attorneys for Defendants
Brendan.lenihan@atg.wa.gov

DEFENDANTS JAMAAL MAGEE
AND JULIE DECAMP'S MOTION
TO DISMISS
NO. 2:21−cv−00746−JCC                    17          ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

1
2

## CERTIFICATE OF SERVICE

3      I hereby certify that on the 14th day of October 2021, I caused to be electronically filed

4   the foregoing document with the Clerk of the Court using the CM/ECF system, which will

5   send notification of such filing to the following:

6      Electronic Service to:
7      RAAM WONG
       King County Prosecuting Attorney
       500 Fourth Avenue, Suite 900
8      Seattle, WA 98104
       Raam.Wong@kingcounty.wa.gov
9
       Mailed Copy to:
10     MYRIAM ZAYAS
       Plaintiff, Pro Se
11     27369 129th Pl SE
       Kent, WA 98030
12

13

14                                        /s/Brendan M. Lenihan
                                          BRENDAN M. LENIHAN, WSB No. 56066
15                                        Assistant Attorney General

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS JAMAAL MAGEE                    18              ATTORNEY GENERAL OF WASHINGTON
AND JULIE DECAMP'S MOTION                                         Torts Division
TO DISMISS                                                  7141 Cleanwater Drive SW
NO. 2:21−cv−00746−JCC                                              PO Box 40126
                                                            Olympia, WA 98504-0126
                                                                 (360) 586-6300