☐ King West            ☐ OICW
☐ West Seattle         ☐ MLK
☐ King East            ☒ King Southeast
☐ King Southwest       ☐ Adoptions/BRS

**Superior Court of Washington**
**County of King Juvenile Court**

Dependency of:

ACZ

D.O.B.:

Minor child

No: 20-7-00666-0 SEA

**Order after Hearing:**
☐ First Dependency Review (FDPRHO)
☐ Dependency Review (DPRHO)
☒ Permanency Planning (ORPP)
**CLERK'S ACTION REQUIRED.**
Paragraphs 2.10 (☐ CPR ☐ NSP ☐ CRD ☐ IPM ☐ PCT ☐ NFA ☐ GCF), 3.13 (EDL/WDL), and the boxes below.

The court will hear ☐ interim review ☒ dependency review ☐ permanency planning hearing on (date) 10/8/21 at 11:00 am/~~pm~~ at: King County Superior Court, located at: ☒ King County Courthouse, 516 Third Ave, Rm **W-719**, Seattle, WA 98104

(Parties may attend remotely via ZOOM if the court emails an invitation prior to the hearing)

**Additional Clerk's Action Required:** Enter the code(s) that apply.

*About today's hearing:*
Was adequate and timely notice given to the child's caregiver? Yes (CGATN) ☒      No (CGNATN) ☐
Did the court receive a caregiver report? Yes (CGRR) ☐ / No ☐
☐ The caregiver appeared. Did the court give the caregiver an opportunity to be heard? Yes ☐ / No ☐

**I. Hearing**

1.1   The court held a hearing on 5/07/21.

1.2   The following persons appeared at the hearing (held remotely due to COVID protocols):
      ☒ Mother – Myriam Zayas (Pro Se)* Present by video
      ☐ Father (unknown)                    ☐ Father's Lawyer - *unrepresented*
      ☐ Child's GL - *pending*              ☐ GAL's Lawyer – *n/a*
      ☒ DCYF Worker – Emilie Pleger         ☒ Agency's Lawyer – David La Raus
      ☒ Other Julie Delamp, SW Supervisor

* [add if applicable: Ms. Zayas did not appear; she has been in frequent communication with the parties and the court via email, and she indicated prior to the hearing that she would not be participating in it.]

**First/Dep Review/Perm Pla. Hrg Or (FDPRHO, DPRHO, ORPP)** - Page 1 of 12
WPF JU 03.0500 (10/01/2019) - JuCR 3.9; RCW 13.34.046, .130, .136, .138, .145

1.3 The order is ☐ agreed ☐ contested.

    ☐ The court heard testimony from: _____.
    ☐ The child is 12 years old or older and the court made the inquiry required by RCW 13.34.100(7).

## II. Findings

**General**

2.1 Child's Indian status: ☒ On this date ☒ On ___12/09/20___, the court asked each participant on the record whether the participant knows or has reason to know the child is an Indian child.

    ☒ There is not a reason to know the child is an Indian child as defined in RCW 13.38.040 and 25 U.S.C. § 1903(4), based upon prior findings and order(s). The federal and Washington State Indian Child Welfare Acts do not apply to these proceedings.

    ☐ There is reason to know the child is an Indian child as defined in RCW 13.38.040 and 25 U.S.C. § 1903(4), based upon prior findings and order(s). The federal and Washington State Indian Child Welfare Acts apply to this proceeding. The notice and evidentiary requirements of the federal and Washington State Indian Child Welfare Acts were found in previous hearings and are incorporated here by reference.

2.2 The child's current caregiver was informed of this proceeding and his or her right to be heard by the court as required by Chapter 13.34 RCW.

2.3 ☒ Pursuant to RCW 13.34.030, the child was found to be dependent as to the ☒ mother ☒ father ☐ guardian/legal custodian and a disposition order was entered.

2.4 ☒ In the previous review period, the permanency plan in effect for the child has been:

Primary:     Alternative:
☒     ☐ Return of the child to the home of the ☒ mother ☐ father ☐ guardian or ☐ legal custodian;
☐     ☐ Adoption;
☐     ☐ Final non-parental custody order pursuant to Chapter 26.10 RCW or the equivalent laws of another state or a federally recognized Indian tribe;
☐     ☐ Title 13 Guardianship
☐     ☐ Long term ☐ relative or ☐ foster care, for children between 16 and 18 years of age, with a written agreement;
☐     ☐ Responsible living skills program; and/or
☐     ☐ Independent living for children 16 and older.

2.5 The placement and permanent plan:

    ☐ are still necessary and appropriate for the safety and wellbeing of the child.
    ☐ are no longer necessary and appropriate and the placement shall be modified as stated in Paragraph 3.3.
    ☒ are no longer necessary and appropriate and the permanent plan shall be modified as stated in Paragraph 3.19.
    ☐ have been accomplished because the court entered a parenting plan, residential schedule, or nonparental custody decree, which is in the child's best interests, and which implements the permanent plan of care.
    ☐ long-term foster or relative care has been achieved.

**First/Dep Review/Perm Pla. Hrg Or (FDPRHO, DPRHO, ORPP)** - Page 2 of 12
WPF JU 03.0500 (10/01/2019) - JuCR 3.9; RCW 13.34.046, .130, .136, .138, .145

2.6   \_\_\_\_\_November 2021_____ is the projected date for:

☒ return of the child to his or her home.
☒ placement for adoption.
☐ establishment of a guardianship.
☐ implementation of the following alternate plan of care: _____.

2.7   ☐ The child is 16 years old or older and the court has approved a permanency plan other than Return Home, Adoption, Title 13 Guardianship, or final non-parental custody order pursuant to chapter 26.10 RCW for the following compelling reasons:

_____
_____.

2.8   ☐ The child is 14 years old or older and the court makes the following findings:

☐ The child was present for today's hearing. The court consulted with the child in an age-appropriate manner regarding ongoing opportunities to engage in age or developmentally appropriate activities.

☐ The child was not present for today's hearing.

The child ☐ does ☐ does not have regular, ongoing opportunities to engage in age or developmentally appropriate activities.

DCYF has taken the following steps to ensure the child's placement is following the reasonable and prudent parent standard as defined in 42 U.S.C. §675(10)(A):

_____
_____.

2.9   DCYF ☒ has ☐ has not made reasonable efforts to implement and finalize the permanent plan for the child.

2.10  ☐ The child has been in out-of-home care for 15 of the last 22 months since the date the dependency petition was filed and:
☐ termination petition has already been filed.
☐ DCYF should file a termination petition pursuant to RCW 13.34.136(3).
☐ A termination petition should be filed pursuant to RCW 13.34.138(2)(d).
☐ Good cause not to require the filing of a termination petition exists because of the following:

(CPR)  ☐   The child has been placed in the care of a relative.

(NSP)  ☐   DCYF has not provided the child's family with the services that are necessary for the child's safe return home.

(CRD)  ☐   DCYF has documented a compelling reason as the basis for its determination that filing a termination petition would not be in the best interests of the child.

(IPM)  ☐   The parent is incarcerated, or the parent's prior incarceration is a significant factor in why the child has been in foster care for 15 of the last 22 months, DCYF has not documented another reason why it would be otherwise appropriate to file a petition, and the parent maintains a meaningful role in the child's life, because:

**First/Dep Review/Perm Pla. Hrg Or (FDPRHO, DPRHO, ORPP)** - Page 3 of 12
WPF JU 03.0500 (10/01/2019) - JuCR 3.9; RCW 13.34.046, .130, .136, .138, .145

(PCT) ☐ The parent has been accepted into a dependency treatment court program or long-term substance abuse or dual diagnoses treatment program and is demonstrating compliance with treatment goals.

(NFA) ☐ The parent was court-ordered to complete services necessary for the child's safe return home. The parent filed a declaration under penalty of perjury that the parent is financially unable to pay for those court-ordered services and that DCYF was unwilling or unable to pay for those services necessary for the child's safe return home.

(GCF) ☐ Other: _____

### Reports

2.11 The DCYF report ☒ was ☐ was not timely submitted.

2.12 The child's ☐ guardian ad litem ☐ attorney ☐ has ☐ has not made a report to the court.

☐ The guardian ad litem has met with or personally observed the child in the past review period.

☐ The guardian ad litem has not met with or personally observed the child in the past review period because:
_____N/A – CASA PENDING_____

2.13 ☐ The child's educational liaison, (name) ___n/a due to age_____ ☐ has ☐ has not made a report to the court.

☐ The current educational liaison should continue.
☐ It is no longer appropriate for the current educational liaison to continue because:
_____
DCYF recommends that the court appoint (name) _____
to serve as the child's educational liaison.

2.14 ☒ The following other parties submitted reports to the court:
The mother has filed a number of pleadings (as well as many emails to the parties and the court) in which she reports that she will not participate in any ordered remedial services because she believes the order of dependency to be unlawful, factually baseless, and motivated by prejudice against white women.

### Placement

2.15 Placement of the child:

A. **Return Home**

**First/Dep Review/Perm Pla. Hrg Or (FDPRHO, DPRHO, ORPP)** - Page 4 of 12
WPF JU 03.0500 (10/01/2019) - JuCR 3.9; RCW 13.34.046, .130, .136, .138, .145

☐  The child has been residing in foster care. A reason for removal of the child as set forth in RCW 13.34.130(2) no longer exists and the child should be placed in the home of the ☐ mother ☐ father under the supervision of DCYF and the continuing jurisdiction of the court.

☐  DCYF ☐ has ☐ has not identified all adults <u>known to be</u> residing in the home and ☐ has ☐ has not conducted background checks on those persons.

☐  The ☐ mother ☐ father has identified the following persons as potential caregivers for the child:

_____

_____

**B.   In Home**

☐  The child has been placed in the home of the ☐ mother ☐ father for a period of six months.

☐  The dependency should be dismissed. The permanency plan of return to the ☐ mother ☐ father has been achieved and court supervision is not needed.

☐  Court supervision should remain in effect. The placement of the child with the ☐ mother ☐ father should remain in effect under the supervision of DCYF subject to further review by the court.

**C.   Out of Home**

☒  Currently out of the home: The child remains placed out of home. There is a continuing need for out-of-home placement for the child and it would be contrary to the child's welfare to return home. The child should remain in the custody, control and care of ☒ DCYF ☐ a relative ☐ an other suitable person to be placed or remain in:

   ☐ Relative care with _____ (name).

   ☒ Relative placement, although preferred, is not in the best interest of the child and the child shall continue or be placed in:
     ☒ Foster care (for QRTP also complete section D below).
     ☐ Placement with a suitable person _____ (name).
     ☐ Placement with an adoptive parent or other person with whom the child's siblings or half-siblings live.
     ☐ Other:

☐  To be removed from the home now: The child was in the home and is now removed from the home. It is currently contrary to the child's welfare to remain in the home. Reasonable efforts have been made to prevent the removal of the child and were unsuccessful. The child should be placed in the custody, control, and care of:

   ☐ DCYF for placement in:

     ☐ Relative care with _____ (name).

     ☐ Relative placement, although preferred, is not in the best interest of the child and the child shall continue or be placed in:
       ☐ Foster care (for QRTP also complete section D below):
         ☐ pending completion of DCYF investigation of relative placement options.

☐ because there is no relative or other suitable person who is willing, appropriate, and available to care for the child, with whom the child has a relationship and is comfortable.
☐ because there is reasonable cause to believe that relative placement would jeopardize the safety or welfare of the child and/or hinder efforts to reunite the parent(s) and child.
☐ Placement with a suitable person _____ (name).
☐ Placement with an adoptive parent or other person with whom the child's siblings or half-siblings live.
☐ Other:

☐ A relative or other suitable person.

DCYF recommends a change in placement for the following reasons:
_____
_____
_____

☐ The child is an Indian child as defined in RCW 13.38.040, and this placement complies with the placement priorities in RCW 13.38.180, and 25 U.S.C. §1915.

☒ The child ☒ is ☐ is not in an appropriate placement that adequately meets all his or her physical, emotional, cultural, and educational needs.

☒ DCYF ☐ has ☒ has not considered out-of-state placements for the child.

☒ There are no appropriate out-of-state placements at this time.
☐ Other:
_____
_____

☐ The ☐ mother's ☐ father's homelessness or lack of suitable housing is a significant factor delaying permanency for the child by preventing the return of the child to the home of the child's parent.

☐ DCYF should provide housing assistance.

**D.    Qualified Residential Treatment Program – N/A**

**Compliance and Progress**

2.16    DCYF ☒ has ☐ has not made reasonable efforts to provide services to the family and eliminate the need for out-of-home placement of the child.

**A. Compliance with Court Order**

Agency _____ ☒ yes ☐ no ☐ partial: ___ has referred mother for services & visits, and has met with mother in person to discuss

Mother __Zayas_____ ☐ yes ☒ no ☐ partial: ___declines to engage in services_____

Father __unknown___ ☐ yes ☒ no ☐ partial: ___has not come forward_____

**First/Dep Review/Perm Pla. Hrg Or (FDPRHO, DPRHO, ORPP)** - Page 6 of 12
WPF JU 03.0500 (10/01/2019) - JuCR 3.9; RCW 13.34.046, .130, .136, .138, .145

Child _____ ☐ yes ☐ no ☐ partial: ___N/A _____

**B. Progress toward correcting the problems that necessitated the child's placement in out-of-home care:**

Mother __Zayas_____ ☐ yes ☒ no ☐ partial: ___declines to engage in services_____

Father __unknown____ ☐ yes ☒ no ☐ partial: _____ has not come forward _____

Child _____ ☐ yes ☐ no ☐ ____N/A_____

**Visitation**

2.17 ☒  The mother ☒ has ☐ has not visited the child on a regular basis.

☐  Reasons why visits have not occurred or have been infrequent:
_____
_____

2.18 ☒  The father ☐ has ☒ has not visited the child on a regular basis.

☒  Reasons why visits have not occurred or have been infrequent:

no person has come forward to identify themselves as the father of the child or to request contact
_____
_____

2.19 ☒  The child is placed out of the home and the court has considered the child's placement, contact, and visits with the child's siblings in accordance with RCW 13.34.130(3). Placement with, contact, or visits between siblings:

☐ has occurred (specify):_____
_____

☒ has not occurred because:
☐ there is reasonable cause to believe that the best interests of the child or siblings would be jeopardized,
☐ the court does not have jurisdiction over the siblings in question and the parents are not willing to agree to a plan, or
☐ efforts to reunify the parent with the child would be hindered by such placement, contact, or visitation.
☒ Other: ___siblings are adults_____
_____

**Permanency Planning Findings – Required at Permanency Planning Hearing**

2.20  The permanent plan for the child ☐ has ☒ has not been achieved.

**First/Dep Review/Perm Pla. Hrg Or (FDPRHO, DPRHO, ORPP)** - Page 7 of 12
WPF JU 03.0500 (10/01/2019) - JuCR 3.9; RCW 13.34.046, .130, .136, .138, .145

2.21   The court ☐ has ☐ has not consulted with the child in an age-appropriate manner about the proposed permanency or transition plan.

2.22   Service providers ☒ have ☐ have not been involved in planning to meet the special needs of the child and the child's parent.

2.23   ☐ The child is age 14 years old or older and the court makes the following findings:

☐ The child was present for today's hearing. The court asked the child about the child's desired permanency outcome and consulted with the child in an age-appropriate manner about the proposed permanency and transition plan.

☐ The child was not present for today's hearing. DCYF consulted with the child regarding the child's proposed permanency and transition plan.

The following services are needed to assist the child in transitioning to successful adulthood:

_____

_____

2.24   ☐ The permanency plan identifies independent living as a goal and services should be provided to assist the child in making a transition from foster care to independent living and allow the child to manage his or her financial, personal, social, educational, and non-financial affairs.

DCYF ☐ has ☐ has not identified specific services to be provided to assist the child in making a transition from foster care to independent living.

2.25   ☐ The child has been placed in the home of the ☐ mother ☐ father for a period of at least six months.
   ☐ The permanent plan of return to the ☐ mother ☐ father has been achieved and court supervision is not needed.
   ☐ Court supervision should remain in effect. The placement of the child with the ☐ mother ☐ father is continued under the supervision of the court until the next review hearing.
   ☐ The following conditions apply to the continued placement of the child with the ☐ mother ☐ father:

_____

**Other**

2.26   ☐ The child is legally free and it has been six months or more since all parental rights were terminated. The court shall appoint an attorney by separate order.

2.27   **Other:**
_____

### III. Order

**Placement**

3.1   ☒ The child remains a dependent child pursuant to RCW 13.34.030(6) ☐ (a) ☐ (b) ☒ (c). Court supervision shall continue.

**First/Dep Review/Perm Pla. Hrg Or (FDPRHO, DPRHO, ORPP)** - Page 8 of 12
WPF JU 03.0500 (10/01/2019) - JuCR 3.9; RCW 13.34.046, .130, .136, .138, .145

3.2 ☐ An Order Dismissing Dependency shall be entered.

3.3 ☒ The child shall be in the custody, control, and care of DCYF for placement in:

☒ Foster care.
☐ Relative placement with _____(name).
☐ The home of a suitable person _____(name).
☐ The home of an adoptive parent or other person with whom the child's siblings or half-siblings live.
☐ The home of the ☐ mother ☐ father for a trial return home under the continued supervision of the court.

☐ Placement of the child in the ☐ mother's ☐ father's home is contingent upon the parent's compliance with court orders related to the care and supervision of the child, including compliance with DCYF case plan, and the ☐ mother's ☐ father's continued participation in ☐ substance abuse ☐ mental health treatment ☐ other services:

**DCYF may remove the child from the home, subject to review by the court, if the parent fails to comply with the DCYF plan or court order; is unable, unwilling, or fails to participate in available services or treatment for themselves or the child; or fails to successfully and substantially complete available services or treatment for themselves or the child.**

☐ Placement of the child in the ☐ mother's ☐ father's home is contingent upon _____ (name of caregiver) engaging in and completing additional services as listed in section 3.20 to ensure the safety of the child ☐ prior to ☐ during the trial placement of the child in the home:

**If your child is placed in your care, you have an ongoing duty to notify DCYF of all persons who reside in the home or who may act as a caregiver for the child as long as the court retains jurisdiction of this matter or DCYF is providing or monitoring services to you or any caregiver of the child.**

3.4 ☐ The child shall be in the custody, control, and care of:

☐ a relative, _____ (name(s)), without supervision of this placement by DCYF.

☐ an other suitable person: _____ (name(s)), without supervision of this placement by DCYF.

**General**

3.5 DCYF having custody of the child shall have full power to authorize and provide all necessary, routine, and emergency medical, dental, or psychological care as recommended by the child's treating doctor or psychologist, subject to review by the court, as needed.

3.6 All service providers shall make all records and all reports available to DCYF, the parent's attorney, and the guardian *ad litem* or attorney for the child. Parents shall sign releases of information and allow all service providers to make all records available to DCYF and the guardian *ad litem* or attorney for the child. Such information shall be provided immediately upon request. All information, reports, records, etc., relating to the provision of, participation in, or parties' interaction with services ordered by the court or offered by DCYF shall be subject to disclosure in open court unless specifically prohibited by state or federal law or regulation.

**First/Dep Review/Perm Pla. Hrg Or (FDPRHO, DPRHO, ORPP)** - Page 9 of 12
WPF JU 03.0500 (10/01/2019) - JuCR 3.9; RCW 13.34.046, .130, .136, .138, .145

3.7  The report of DCYF for the next review hearing shall be submitted to the court and to the parties at least fourteen (14) days prior to the hearing.

3.8  ☐  A petition seeking termination of the parent-child relationship between the child's ☐ mother ☐ father and the child shall be filed by DCYF not later than _____ (date).

**Services**

Any evaluation ordered by the court must comply with RCW 13.34.370.

3.9  ☒  Services for the mother are:

    ☒ as set forth in the prior orders.

    ☐ as follows:

_____

_____

_____

3.10  ☒  Services for the father(s) are:

    ☒ as set forth in the prior orders.

    ☐ as follows:

_____

_____

_____

3.11  ☐  Additional services for the ☐ mother ☐ father shall be initiated or completed are:

    ☐ as set forth in the attached service plan.

    ☐ as follows:

_____

_____

_____

3.12  ☒  Services for the child(ren) are:

    ☒ as set forth in the prior orders.

    ☐ as follows:

_____

_____

_____

    ☐ SAY evaluation, and the child was notified that he/she may request an attorney.

    ☐ The child is 12 or older and ☐ agrees to the services ☐ was notified of the services ☐ was notified that he/she may request an attorney.

**First/Dep Review/Perm Pla. Hrg Or (FDPRHO, DPRHO, ORPP)** - Page 10 of 12
WPF JU 03.0500 (10/01/2019) - JuCR 3.9; RCW 13.34.046, .130, .136, .138, .145

3.13 ☐ Child's educational liaison – <u>n/a due to age</u>

    ☐ (Name) _____ shall continue as the child's educational liaison.

    ☐ (Name) _____ is removed as the educational liaison.

    ☐ The court appoints (name) _____ to serve as the child's educational liaison to carry out the responsibilities described in RCW 13.34.046. The educational liaison must complete criminal background checks required by DCYF.

**Visitation**

3.14 ☒ The specific visitation plan between the child(ren) and mother shall be:

    ☒ as set forth in the prior orders.

    ☐ as follows:

    ☒ Visitation between the mother and the child may be expanded upon agreement of the parties

3.15 ☒ The specific visitation plan between the child(ren) and father shall be:

    ☒ as set forth in the prior orders.

3.16 ☐ The specific plan for visitation or contact between the child and child's siblings shall be:

    <u>N/A – siblings not under court jurisdiction</u>

**Child's Indian Status**

3.17 Any party who subsequently receives information that provides a reason to know the child is an Indian child under 25 C.F.R. § 23.107 shall inform the court.

**Other**

3.18 Other:

_____
_____
_____

DCYF is authorized to consent to travel by the child with their licensed foster parent/relative caregiver/other suitable person placement for up to two weeks within Washington State or to other states within the United States. If the travel will interfere with scheduled visits between the child and a parent, DCYF shall give 10 calendar days' notice to that parent so that a plan for make-up visits can be made. The licensed foster parent/relative caregiver/other suitable person placement may consent to emergency medical and dental care during these trips.

**Permanency Planning Order – Required at Permanency Planning Hearing**

3.19  The permanency plan for the child is:

Primary:  Alternative:
☐  ☒  Return of the child to the home of the ☒ mother ☐ father ☐ guardian or ☐ legal custodian;
☒  ☐  Adoption;
☐  ☐  Final non-parental custody order pursuant to Chapter 26.10 RCW or the equivalent laws of another state or a federally recognized Indian tribe;
☐  ☐  Title 13 Guardianship;
☐  ☐  Long term ☐ relative or ☐ foster care for children between 16 and 18 years of age, with a written agreement;
☐  ☐  Responsible living skills program; and/or
☐  ☐  Independent living for children 16 and older.

3.20  The court orders the following actions to be taken to move the case toward permanency:
_____
_____
_____

3.21  **Release of Information**:

All court-ordered service providers shall make all records and all reports available to DCYF, attorney for DCYF, parent's attorney, the guardian ad litem and attorney for the child. Parents shall sign releases of information and allow all court-ordered service providers to make all records available to DCYF and the guardian ad litem or attorney for the child. Such information shall be provided immediately upon request. All information, reports, records, etc., relating to the provision of, participation in, or parties' interaction with services ordered by the court or offered by DCYF may be subject to disclosure in open court unless specifically prohibited by state or federal law or regulation.

DCYF may continue to make reasonable efforts to locate and investigate an appropriate relative or other suitable person who is available and willing to care for the child, and is authorized to share information about the child, as necessary, with potential relative or other suitable person placement resources to determine their suitability and willingness as a placement for the child.

3.22  All parties shall appear at the next scheduled hearing (see page one).

Dated: 5/07/21

Judge Judith H. Ramseyer

Presented electronically by:
/s/ David La Raus
David La Raus
Assistant Attorney General
WSBA No.33715

**Notice: A petition for permanent termination of the parent-child relationship may be filed if the child is placed out-of-home under an order of dependency. (RCW 13.34.180.)**

First/Dep Review/Perm Pla. Hrg Or (FDPRHO, DPRHO, ORPP) - Page 12 of 12
WPF JU 03.0500 (10/01/2019) - JuCR 3.9; RCW 13.34.046, .130, .136, .138, .145