THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRIAM ZAYAS, | CASE NO. C21-0746-JCC |
| Plaintiff, | ORDER |
| v. | |
| LINDA NGUYEN, *et al.*, | |
| Defendants. | |

This matter comes before the Court on motions of Defendants Jamaal Magee and Julie DeCamp (the "DCYF Defendants") (Dkt. No. 24), and of Defendants Tara Shoemaker, Linda Nguyen, Bren Smith, and Ramona Harkin (the "King County Defendants") (Dkt. No. 25) to dismiss Plaintiff's complaint. No party has requested oral argument. Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS both motions and DISMISSES Plaintiff's lawsuit with prejudice for the reasons explained below.

## I.    BACKGROUND

Plaintiff has amended her complaint several times (*see, e.g.*, Dkt. Nos. 4, 5, 7, 13) even though Federal Rule of Civil Procedure 15(a)(1) permits only a single amendment without the Court's permission. Despite this, the Court will consider Docket Number 13, the latest-filed amended complaint, as Plaintiff's operative pleading.

Plaintiff alleges that King County Superior Court and Washington Department of

ORDER
C21-0746-JCC
PAGE - 1

1    Children, Youth and Families ("DCYF") personnel violated her federal rights in connection with

2    state court proceedings around Plaintiff's right to custody of her child. (*See generally* Dkt. No.

3    13.) Plaintiff's allegations and judicially noticeable record suggest that DCYF removed

4    Plaintiff's child, ACZ, from her custody in March 2020 under a court order based on concerns

5    that Plaintiff was struggling with substance abuse. (Dkt. Nos. 13 at 6, 24-4 at 1–2). DCYF placed

6    ACZ in foster care (Dkt. No. 24-5 at 7–10). After a dependency trial, the superior court entered

7    an order of dependency under which ACZ would remain in DCYF custody, with court-

8    supervised visits from Plaintiff. (Dkt. No. 24-8 at 8–11.) In May 2021, the state court again

9    found that ACZ was dependent (i.e., that she still could not return to Plaintiff''s custody). (Dkt.

10   No. 24-9.) In August 2021, DCYF filed a petition to terminate Plaintiff's parental rights as to

11   ACZ. (*See generally* Dkt. No. 24-10.) Trial in that case is set for December 20, 2021. (Dkt. No.

12   24-11.)

13       Plaintiff alleges that the King County Defendants worked to separate her and her child

14   by forging court documents, fabricating records to make it look like court proceedings had

15   occurred which had not, and issuing court orders that were unlawful or not properly authorized.

16   (*See, e.g.*, Dkt. No. 13 at 5–11.) Plaintiff alleges that the DCYF Defendants violated her

17   constitutional rights by canceling scheduled visits with Plaintiff and her daughter, retaliating

18   against Plaintiff for standing up for herself, keeping ACZ from her based on unlawful state court

19   documents, and limiting what Plaintiff can say to ACZ during the visits. (Dkt. No. 13 at 23–25.)[1]

20       Plaintiff seeks injunctive relief ordering the termination of Defendants from their current

21   job positions. (*See* Dkt. No. 13 at 2, 4, 28.) She is explicit that "[t]he Plaintiff is not asking for

22   money damages." (Dkt. No. 13 at 2.)

23   *//*

24   _____

25   [1] Plaintiff's pleadings contain various hyperlinks to online locations that the Court does not
     recognize, and that Plaintiff has not identified or explained. (*See, e.g.*, Dkt. No. 4 at 6.) As such,
     the Court has not accessed these links due to security concerns. And in any case, the hyperlinks

26   are not clickable in the current version of her amended complaint. (*See generally* Dkt. No. 13.)

## II.   DISCUSSION

### A.   Legal Standard

A motion under Federal Rule of Civil Procedure 12(b)(1) tests whether a court has subject matter jurisdiction to hear the claims alleged. The party asserting jurisdiction bears the burden of establishing it. *Ass'n of Am. Med. Coll. v. United States*, 217 F.3d 770, 778–79 (9th Cir. 2000). Where, as here, a party challenges jurisdiction based on information in the complaint, exhibits to the complaint, and matters of public record, the court will base its ruling on those documents, accept allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *Zayas v. Messit*, 2021 WL 3675033, slip op. at 4 (W.D. Wash. 2014) (citing *Thornhill Publ'g Co. v. Gen. Tel. Elec.*, 594 F.2d 730, 733 (9th Cir. 1979)).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court draws reasonable inferences for the nonmoving party; but offering "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting *Twombly*, 550 U.S. at 555). Along with the complaint, the Court may consider documents mentioned in the complaint that are central to the claims and of undisputed authenticity, *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006), and matters of judicial notice, such as public records and court documents, *see Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001); Fed. R. Evid. 201.

The Court holds a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B.   Analysis

Defendants urge this Court not to exercise jurisdiction in this case under the *Younger* abstention doctrine. (Dkt. Nos. 24 at 8–11, 25 at 10–12.) Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts must not interfere with pending state court litigation that implicates

"important state interests." *Potrero Hills Landfill, Inc. v. County of Solano*, 657 F.3d 876, 881 (9th Cir. 2011). *Younger* abstention is required if the state proceedings (1) are ongoing, (2) implicate "important state interests," (3) provide an adequate opportunity to raise federal questions, and (4) if federal adjudication would enjoin or have the practical effect of enjoining the state proceeding. *Logan v. U.S. Nat'l Bank Ass'n*, 722 F.3d 1163, 1167 (9th Cir. 2013).

The proceeding related to Plaintiff's parental rights is clearly ongoing in state court, and the dependency proceeding seems to be ongoing, too. (*See* Dkt. Nos. 24-9 (order of dependency dated May 2021 and setting an October 2021 return hearing date), 24-11 (setting trial date for termination proceedings).) It is also clear that the relief Plaintiff seeks—having all Defendants fired from their current jobs with (1) the state court hearing these proceedings and (2) the agency bringing the case—would have the practical effect of enjoining the state court proceedings. Whether the Court must abstain thus depends on whether these cases implicate important state interests and gives plaintiff sufficient chance to raise federal questions.

Child placement and parental rights cases are quasi-criminal enforcement actions that implicate sufficiently important state interests to trigger *Younger*. *See Negrete v. Los Angeles Cnty*, 2021 WL 2551595, slip op. at 2 (C.D. Cal. 2021) (citing *Moore v. Sims*, 442 U.S. 415, 423 (1977) (affirming *Younger* dismissal of claims related to ongoing juvenile proceedings in state court)); *accord Safouane v. Fleck*, 226 F. App'x 753, 758–59 (9th Cir. 2007). Courts also recognize that child custody proceedings in state court afford sufficient opportunity to raise federal claims. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). Accordingly, the Court must abstain from hearing Plaintiff's claims under the *Younger* doctrine.

Although this holding is sufficient to resolve Defendants' motions, the Court reaches Defendants' *Rooker-Feldman* arguments because it is not clear whether the dependency proceeding—as opposed to the clearly ongoing termination-of-parental-rights proceeding—is still ongoing or is part of the same case as the latter proceeding. (*See* Dkt. Nos. 24-9 at 1 (dependency case: Case No. 20-7-00666-0 SEA), 24-10 at 1 (parental rights case: Case No. 21-7-

005319-9 SEA).) Even if the dependency case is separate from the parental rights case, and even if the former has finished, the *Rooker-Feldman* doctrine would still require dismissal.

Named after a pair of Supreme Court cases, *Rooker-Feldman* bars federal lawsuits seeking to overturn state judgments, because, by federal statute, only the Supreme Court has jurisdiction to review state court decisions. *See Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010). It is true that *Rooker-Feldman* does not apply if a plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party in state court. *Id.* However, Plaintiffs' allegations of illegal conduct by state and county officials arguably are not entitled to be treated as true under governing pleading standards, *see, e.g., Twombly*, 550 U.S. at 555–56, and as the King County Defendants point out, the relief Plaintiff seeks—overturning the state court rulings that prevent her from being with her daughter—makes her case a *de facto* appeal of the sort that *Rooker-Feldman* forbids. (*See* Dkt. No. 25 at 8–9 (citing Dkt. No. 13 at 6, 21.)

Plaintiff has filed two documents in opposition to Defendants' motions to dismiss: The first makes accusations relating to the underlying merits of her claims but does not address jurisdiction. (*See, e.g.*, Dkt. No. 27 at 2 (arguing that Defendants "are assisting a cult that has been harassing me for 15 years and I have 3,500 pages of discovery to prove I have never abused any of my children.").) The second attaches 33 pages of what looks like a case file from DCYF produced in response to a Washington Public Records Act request. (*See* Dkt. No. 28 at 2–34.) This evidence states that Plaintiff "has done well . . . up until her most recent relapse" and "seems to care a great deal about her children and has acknowledged what she needs to do to make her home safe for them." (*Id.* at 12). The Court does not doubt this information; but it does not cure the jurisdictional problems that prevent this Court from hearing the case.[2]

Defendants' motions will thus be granted. Dismissal will be with prejudice: Plaintiff has

---

[2] Plaintiff's opposition filings are also untimely. (*Compare* Dkt. Nos. 27–28 (filed on November 29 and 30, 2021, respectively), *with* Dkt. No. 26 (November 8, 2021 minute order renoting Defendants' motions to November 26, 2021 and indicating that the original briefing deadlines would remain in place).)

1  amended her complaint several times, and the jurisdictional issues appear to be incurable.

2  **III.    CONCLUSION**

3         For the foregoing reasons, Defendants' motions to dismiss (Dkt. Nos. 24, 25) are

4  GRANTED. The case is DISMISSED with prejudice.

5         DATED this 17th day of December 2021.

6

7

8

9                                          John C. Coughenour
                                           UNITED STATES DISTRICT JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26